UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KAHALA KING,<br><br>                    Petitioner,<br><br>          v.<br><br>STATE OF CALIFORNIA,<br><br>                    Respondent. | Case No. EDCV 18-1677 CAS(JC)<br><br>ORDER SUMMARILY DISMISSING FIRST AMENDED PETITION WITH LEAVE TO AMEND |

On August 10, 2018, petitioner Scott Kahala King, a prisoner at the West Valley Detention Center who is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") with multiple miscellaneous attachments. As the Petition is deficient in at least the following respects, it is dismissed with leave to amend.[1]

First, the Petition has not been submitted on either the national form appended to the current Rules Governing Section 2254 Cases in the United States

---

[1] Rule 4 of 28 U.S.C. § 2254 provides: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

District Courts (the "Habeas Rules") or the form currently approved by the Central District of California for habeas petitions. See Local Rule 83-16; Rule 2(d) of the Habeas Rules. It is important to utilize the approved form, because, among other reasons, the approved form calls for specific information regarding whether individual claims have been presented to and resolved by the California Supreme, *i.e.*, whether they have been exhausted, as discussed further below.

Second, the Petition improperly names the State of California as a Respondent. See Morehead v. State of California, 339 F.2d 170, 171 (9th Cir. 1964) (State of California incorrectly named as respondent). An appropriate respondent is petitioner's immediate custodian (*i.e.*, the prison warden at the facility where he is currently housed). See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004); see also 28 U.S.C. § 2242; Rule 2(a) of the Habeas Rules and the Advisory Committee Notes thereto. The failure to name the correct respondent destroys personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

Third, although petitioner appears to challenge a May 22, 2018 determination that he violated parole in an unspecified case as to which a six-month sentence was imposed on June 6, 2018, the Petition does not clearly specify any ground for relief or state any facts supporting such ground as required. See Rule 2(c) of Habeas Rules. Instead, petitioner cryptically asserts the following sole and indecipherable ground for relief: "Petition of petition review evidence 5th Amendment," states no supporting facts, and directs the reader to "review minute order" and to "See attached" even though no minute order is attached and the other attachments shed no light on what petitioner purports to claim. See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) ("[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief") (citation omitted), cert. denied, 517 U.S. 1143 (1996); see also Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977) (summary disposition of habeas petition appropriate where allegations are

1 vague or conclusory; "the petition is expected to state facts that point to a real possibility of constitutional error") (citation and quotation omitted). It is simply insufficient for petitioner merely to cross-reference another document or attachments and to expect the Court to try to discern what claim(s) he is attempting to assert.

Fourth, pursuant to 28 U.S.C. § 2254(b)(1), habeas relief may not be granted unless a petitioner has exhausted the remedies available in the state courts.[2] Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, <u>Ybarra v. McDaniel</u>, 656 F.3d 984, 991 (9th Cir. 2011), <u>cert. denied</u>, 568 U.S. 959 (2012), and disposed of on the merits by the highest court of the state, <u>Greene v. Lambert</u>, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982). Petitioner has the burden of demonstrating he has exhausted available state remedies. <u>See, e.g.</u>, <u>Williams v. Craven</u>, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); <u>Rollins v. Superior Court</u>, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010). In this case, the Petition does not reflect that petitioner's claim has been presented to and resolved by the California Supreme Court and the Court cannot discern from the Petition whether any ground petitioner may intend to assert has been presented to and resolved by the California Supreme Court as required.

///
///
///

---

[2] A habeas petition "shall not be granted unless it appears that – [¶] (A) the applicant has exhausted the remedies available in the courts of the State; or [¶] (B)(i) there is an absence of available state corrective process; or [¶] (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

3

1 | In light of the foregoing, IT IS HEREBY ORDERED:

2 | 1.   The Petition is dismissed with leave to amend.[3]

3 | 2.   If petitioner wishes to pursue this action, he shall file a First Amended Petition correcting the above-referenced errors within fourteen (14) days of the date of this Order. The First Amended Petition shall name a proper respondent, reflect the same case number, be clearly labeled "First Amended Petition," be filled out completely, and be complete in itself. In other words, petitioner may not incorporate by reference the original Petition or its attachments. He must clearly identify the state court case number of the judgment which is being challenged. He must also clearly state each ground for relief with supporting facts and specify whether it was raised in state court, and if so, the name of the court in which the claim was raised, the case number, the date filed, the date decided, and the result.

3.   The Clerk is directed to send petitioner a Central District of California Petition for Writ of Habeas Corpus by a Person in State Custody Form (CV-69) for petitioner's use in the event he chooses to file a First Amended Petition.

4.   In the event petitioner elects not to proceed with this action, he shall sign and return the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.[4]

///
///

---

[3] By affording leave to amend, the Court makes no finding as to whether the Petition or any First Amended Petition is timely or subject to dismissal as untimely.

[4] Dismissal of the present proceeding (even without prejudice) might contribute toward a statute of limitations bar against a federal petition subsequently filed by petitioner. Although 28 U.S.C. § 2244(d)(2) tolls the statute of limitations during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent . . . claim," the statute of limitations probably has not/would not be tolled during the pendency of these federal proceedings. See Duncan v. Walker, 533 U.S. 167, 180-81 (2001).

**5.     Petitioner is cautioned that the failure timely to file a First Amended Petition in conformity with this Order or a Notice of Dismissal may result in the dismissal of this action based upon the above-referenced deficiencies in the Petition, petitioner's failure to obey the Court's order, and/or petitioner's failure to prosecute.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see also Pagtalunan v. Galaza, 291 F.3d 639, 640, 642-43 (9th Cir. 2002) (district court may dismiss habeas petition for failure to obey court order or failure to prosecute), cert. denied, 538 U.S. 909 (2003).**

IT IS SO ORDERED.

DATED: September 7, 2018

*Christina A. Snyder*
_____
HONORABLE CHRISTINA A. SNYDER
SENIOR UNITED STATES DISTRICT JUDGE

Attachments