UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT KAHALA KING,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. EDCV 18-1677 CAS(JC)<br><br>MEMORANDUM OPINION AND ORDER DISMISSING ACTION WITHOUT PREJUDICE |

## I.　BACKGROUND AND SUMMARY

On August 10, 2018, petitioner Scott Kahala King, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition"). As the Petition was deficient in multiple respects, this Court summarily dismissed it with leave to amend on September 7, 2018 ("September Order"). The September Order described the reasons the Petition was deficient, afforded petitioner leave to file a First Amended Petition within fourteen days if he wished to pursue this matter, directed him to file a notice of dismissal by such deadline if he elected not to proceed with this action, and directed the Clerk to provide petitioner with a blank

///

1

current Central District of California habeas petition form for petitioner's use.[1] The September Order further expressly cautioned petitioner in bold face print that the failure timely to file a First Amended Petition or notice of dismissal may result in the dismissal of this action based upon the identified deficiencies in the Petition, petitioner's failure to obey the Court's order, and/or petitioner's failure to prosecute.

     As the September Order was not originally sent to petitioner's correct address due to a clerical error, the assigned Magistrate Judge, on October 3, 2018, ordered the Clerk to serve petitioner with the September Order at his correct address and *sua sponte* extended petitioner's deadline to comply with the September Order (*i.e.*, to file a First Amended Petition or notice of dismissal) to October 17, 2018 ("October Order"). The October Order further expressly cautioned petitioner in bold face print that the failure timely to file a First Amended Petition or notice of dismissal may result in the dismissal of this action based upon the deficiencies in the Petition which had been identified in the September Order, petitioner's failure to obey the Court's order, and/or petitioner's failure to prosecute.

     Although the deadline to file a First Amended Petition or notice of dismissal expired more than two weeks ago, to date, petitioner has not filed a First Amended Petition or a notice of dismissal, or otherwise communicated with the Court since the issuance of the September Order.

///

---

[1] Specifically, the September Order advised petitioner, albeit in greater detail and with citation to authorities, that the Petition was deficient in the following respects, among others: (1) it had not been submitted on either the national form appended to the current Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") or the form currently approved by the Central District of California for habeas petitions; (2) it did not name a proper respondent; and (3) it did not clearly specify any ground for relief or state any facts supporting any ground for relief as required by Rule 2(c) of the Habeas Rules.

As discussed below, this action is dismissed due to petitioner's unreasonable failure to prosecute and petitioner's failure to comply with the September and October Orders.

II.     **PERTINENT LAW**

It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915 (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original).[2]

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendant/respondent; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

Dismissal is appropriate under the foregoing analysis "where at least four

---

[2] Pursuant to Rule 12 of the Habeas Rules, the Federal Rules of Civil Procedure, to the extent they are not inconsistent with any statutory provisions or the Habeas Rules, may be applied to habeas proceedings. Applying Rule 41(b) of the Federal Rules of Civil Procedure (and its attendant interpretative case law) to this habeas proceeding is not inconsistent with the Habeas Rules or any statutory provision.

3

factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted). Where a plaintiff is proceeding *pro se*, however, the court must first notify the plaintiff of the deficiencies in his pleading so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). A district judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a pleading was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).

### III. DISCUSSION AND ORDERS

First, the issuance of the September Order dismissing the Petition with leave to amend was proper and such order was not erroneous. See supra note 1.

Second, the September Order explained in detail why the Petition was deficient in multiple respects, granted petitioner leave to file a proper First Amended Petition (or a notice of dismissal if he did not wish to pursue this action), and expressly cautioned that the failure timely to do so may result in dismissal of this action. The October Order extended petitioner's deadline to file a First Amended Petition or a notice of dismissal and again expressly cautioned petitioner that the failure timely to do so may result in dismissal of this action based upon petitioner's failure to prosecute and/or his failure to comply with the Court's orders. Notwithstanding the foregoing, petitioner has not communicated with the Court and has done nothing to prosecute this action since the issuance of the September Order.

Finally, upon consideration of the five factors noted above, the Court finds that petitioner's unreasonable failure to prosecute his case and failure to comply with the September and October Orders warrants dismissal. The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The Court cannot

hold this case in abeyance indefinitely awaiting petitioner's response to the Court's directives. The third factor, risk of prejudice to respondent, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. <u>Anderson v. Air West, Inc.</u>, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as petitioner has already been cautioned of the consequences of his failure to comply with the September and October Orders, has been afforded the opportunity to do so, and has not responded, no sanction lesser than dismissal without prejudice is feasible.

    IT IS THEREFORE ORDERED that this action is dismissed without prejudice based upon petitioner's unreasonable failure to prosecute and his failure to comply with the September and October Orders, and that Judgment be entered accordingly.

    IT IS FURTHER ORDERED that the Clerk serve a copy of the instant Memorandum Opinion and Order Dismissing Action without Prejudice and the Judgment on petitioner and on any counsel for respondent.

    IT IS SO ORDERED.

DATED: November 6, 2018

_____
HONORABLE CHRISTINA A. SNYDER
SENIOR UNITED STATES DISTRICT JUDGE